MAXWELL v. ABRAST REALTY CO.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

No. 50.

1. APPEAL AND ERROR (§ 273*)—EXCEPTION—STIPULATION.

A verdict having been directed for plaintiff, without exception, defendant moved for a new trial, and the parties stipulated that, whatever the disposition of the motion, all questions presented by the evidence should be preserved for argument on appeal. *Held*, that such stipulation did not constitute an exception to the direction of a verdict, so as to justify a review thereof on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590, 1606, 1620–1623, 1625–1630, 1764; Dec. Dig. § 273.*]

2. INTERNAL REVENUE (§ 9*)—CORPORATION TAXES—"DOING BUSINESS."

Where a corporation, with general business powers, amended its articles so as to limit its activities to the mere ownership and rental of certain property occupied and used by its stockholders as a department store, and applied the entire rent, first to the payment of interest on mortgage liens, and then to the payment of dividends to stockholders, it was not "doing business," under Corporation Tax Act Cong. Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (Comp. St. 1913, §§ 6300–6307).

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

In Error to the District Court of the United States for the Eastern District of New York.

Action by the Abrast Realty Company against William J. Maxwell. Judgment for plaintiff (206 Fed. 333), and defendant brings error. Dismissed.

L. R. Bick, Asst. U. S. Atty., of Brooklyn, N. Y., for plaintiff in error.

E. M. Grout, of New York City, for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. This action was brought to recover the amount of corporation tax under section 38 of the act of August 5, 1909, for the year 1911, paid by the plaintiff to the defendant as Col-

lector of Internal Revenue for the Eastern district of New York under protest. January 19, 1911, the company was incorporated for the purpose of renting on a long lease to the firm of Abraham & Straus premises owned by certain of the partners. January 20th the premises were deeded to the company. January 31st and December 7th it leased the same to Abraham & Straus. December 18th its charter was amended, so as to substitute for broader powers the real and restricted purpose of the corporation as above stated.

It seems to be agreed that the company leased all its property to Abraham & Straus, and applied the entire rent, first to payment of interest on mortgage liens, and then the balance in payment of dividends to the stockholders, and did nothing else. Judge Chatfield directed a verdict for the plaintiff, on the ground that the company was not doing business during the year 1911, within the meaning of the act as construed in Zonne v. Syndicate, 220 U. S. 187, 31 Sup. Ct. 361, 55 L. Ed. 428, and McCoach v. Minehill R. R. Co., 228 U. S. 295, 33 Sup. Ct. 419, 57 L. Ed. 842. No exception was taken by the defendant.

[1] There is a preliminary consideration whether the record brings up anything for review. After the verdict was rendered, the defendant moved for a new trial on the ground, among others, that the corporation was taxable, and that the verdict was contrary to law. The parties then stipulated that, whatever were the disposition made by the court of this motion "upon appeal, all questions presented by the evidence shall be preserved for argument on appeal." This did not constitute an exception to the direction of a verdict, nor is the record signed by the judge a bill of exceptions. Such stipulations, if enforceable, might wholly change the established system in the federal courts of review upon writs of error.

[2] As this objection was not raised by the parties, it may not be improper to add that the majority of the court agree with the conclusion of the trial court.

Writ of error dismissed.