STATE LINE & S. R. CO. v. DAVIS.

(District Court, M. D. Pennsylvania. December, 1915.)

No. 426.

1. PLEADING ☞8—CONCLUSIONS—CORPORATE EXCISE TAX—ACTIONS TO RECOVER TAX.

In an action to recover a corporate excise tax paid under protest, on the ground that the corporation was not engaged in business, allegations in the affidavit of defense that plaintiff had not in fact gone out of business, in connection with its property, nor disqualified itself from any activities under its charter in respect thereto, and was still actually engaged in the doing of business within the meaning of the statute, and in the capacity necessary to make it subject thereto, were too general to avail the pleader, and were expressive of conclusions which must be ascertained from specific facts alleged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. ☞8.]

**2. INTERNAL REVENUE ☞9—CORPORATE EXCISE TAX—CORPORATION'S LIABILITY—"DOING BUSINESS."**

A railway company leased its mines, railroads, and other property, but thereafter maintained an office for the transaction of business, maintained its corporate existence and organization by the annual election of officers, and received an income in the shape of rental and distributed dividends to its stockholders. It held itself in readiness to resume the operation of its properties if the leases should be violated by the lessees, and in such leases it reserved the right to develop the forests on its land, to remove timber, and to mine everything underlying its properties except coal. It paid interest on a mortgage indebtedness assumed by it, and was preparing to liquidate and settle such indebtedness. It guaranteed to defend the lessees at its own expense in the enjoyment of the property. It made annual returns of its income, and kept and maintained stockbooks for the transfer of its capital stock and the transaction of other business. *Held*, that these acts did not constitute a "doing of business," so as to subject the corporation to the corporate excise tax, as it is not the power to act, but actual activities in certain directions, which constitute a "doing of business," and the corporation was not doing business as a common carrier, which was the prime object of its incorporation.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ☞9.

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

**3. INTERNAL REVENUE ☞28—SUITS TO RECOVER TAXES PAID UNDER PROTEST—LIMITATIONS.**

Rev. St. § 3226 (Comp. St. 1913, § 5949), provides that no suit shall be maintained for the recovery of any internal tax erroneously or illegally assessed or collected until appeal shall have been duly made to the Commissioner of Internal Revenue. Section 3227 (section 5950) provides that no such suit or proceeding shall be maintained unless brought within two years after the cause of action accrued. Section 3228 (section 5951) provides that all claims for the refunding of any such tax must be presented to the Commissioner of Internal Revenue within two years after the cause of action accrues. *Held* that, where a claim for refund of a corporate excise tax paid under protest was before the Commissioner within the time required, and rejected by him within two years before suit was brought, the action was not barred by limitations.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 76–81; Dec. Dig. ☞28.]

**4. INTERNAL REVENUE ☞28—CORPORATE EXCISE TAX—RECOVERY BACK—INTEREST.**

In a suit against a collector of internal revenue to recover moneys illegally exacted as taxes and paid under protest, interest is recoverable without any statute to that effect.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 76–81; Dec. Dig. ☞28.]

At Law. Action by the State Line & Sullivan Railroad Company against Griffith T. Davis. On exceptions to affidavit of defense and rule for judgment. Exceptions sustained, and rule made absolute.

Rush J. Thomson, of Dushore, Pa., for plaintiff.

R. L. Burnett, of Scranton, Pa., for defendant.

WITMER, District Judge. This suit was brought to obtain the repayment of a special excise tax collected by the defendant from the

plaintiff. The tax was assessed under the so-called Corporation Tax Act of 1909 (Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 [Comp. St. 1913, §§ 6300–6307]), and was paid under protest. The case is under consideration on exceptions to the affidavit of defense and for judgment notwithstanding. The plaintiff's statement of claim sets forth that the plaintiff, the State Line & Sullivan Railroad Company, is a corporation duly formed and existing under the laws of the commonwealth of Pennsylvania, and that a portion of said taxes, to wit, $696.90, was assessed against it by the United States Commissioner of Internal Revenue prior to June 30, 1910, as a special excise tax for the year ending December 31, 1909, and the remaining sum of $693.04 having been likewise assessed prior to June 30, 1911, as such tax for the year ending December 31, 1910; that after transmitting the several assessments to the defendant collector, said defendant during the years 1910 and 1911 respectively made formal demand upon the plaintiff for the payment of such taxes assessed under the penalties provided in section 38 of the above act; that on or about June 30, 1910, the plaintiff acting under compulsion to avoid the penalties provided, paid the defendant the tax assessed for the year 1909, filing with him at the same time the usual written protest, and that on or about June 30, 1911, the plaintiff under like circumstances and conditions paid the tax assessed for the year 1910; that on or about July 21, 1911, the plaintiff filed with the defendant a claim for refund of the special excise collected for 1909, and likewise on or about August 21, 1911, he filed a similar claim for refund of the special excise collected for 1910; that after some correspondence between the parties, on consideration of the claims filed, the Commissioner of Internal Revenue rejected the same, whereof he gave notice to the defendant collector, by letter dated August 29, 1911, who in turn notified the plaintiff two days later of the decision reached. The statement further avers that:

"The said taxes were unjustly and illegally assessed against it by the Commissioner of Internal Revenue, and were illegally and wrongfully collected for the plaintiff by the defendant, as collector as aforesaid, for the following reasons, to wit: That prior to the beginning of the year 1909 the plaintiff leased its mines, railroads, and other property, and since that time to the time of filing this complaint has not had them, or any of them, in its possession or control, and has been engaged solely in collecting and distributing rentals derived from the leases made by it as aforesaid, and has not been engaged in business."

[1] In the affidavit of defense it is insisted that the taxes were lawfully collected, although admitting that the plaintiff had leased its mines, railroad, and other property, however expressing the conclusion that:

"Plaintiff has in fact never gone out of business in connection with its said property, nor disqualified itself from any activities under its charter in respect thereto, and is still actually engaged in the doing of business within the meaning of the statute and in the capacity necessary to make it subject to the act of 1909."

These allegations are too general to avail the pleader, and are expressive of conclusions which must be ascertained by the court from specific facts alleged.

[2] The affidavit sets forth:

"That the plaintiff keeps and maintains an office for the transaction of its business at Dushore, in the county of Sullivan, and state of Pennsylvania, and did keep and maintain such office during the years 1909 and 1910, and that the president of said plaintiff corporation is a resident of Dushore, and maintains his office as president of said road at that place. That the said plaintiff has continuously since the year 1909, and prior thereto, maintained its corporate existence and organization by the annual election of a president and board of managers, and the said board of managers has annually since the said date elected officers of the said corporation. That, further, the said corporation has maintained since the year 1910, and prior thereto, an active corporate existence, has continued to exercise during that time certain of the functions for which it was chartered, has received and still receives an income in the shape of rental, and distributes dividends to its stockholders. That the said plaintiff holds itself in readiness, whenever the terms of the leases referred to in the plaintiff's statement of claim shall be violated by the lessees, to resume the act of operation of its properties. That in the leases referred to in said statement of claim it has reserved the right to develop the forests upon its lands, and to remove timber therefrom. It has also reserved the right to mine everything underlying its properties except coal. That it has, since executing the said leases, assumed certain mortgage indebtedness, the interest on which it pays, and which it is preparing to liquidate and settle, and that it guarantees perpetually to defend, at its own expense, the lessees in the enjoyment of its property. That the said plaintiff, through its officers, made returns of its annual net income for the years ending December 31, 1909, and December 31, 1910, as more particularly referred to and stated in the statement of claim filed by it in this case. That it had, during the years aforesaid and prior thereto, kept and maintained at its offices stockbooks for the transfer of its capital stock, and the transaction of all business properly relating to and connected therewith."

Nearly all the alleged activities of the plaintiff corporation were present in the controlling case of McCoach v. Minehill R. R. Co., 228 U. S. 298, 33 Sup. Ct. 419, 57 L. Ed. 842, where it was held that any and all of them were insufficient to constitute a "doing of business" within the meaning of the Corporation Tax Act. That the plaintiff made covenants to defend the lessees in the enjoyment of their property, or that it retained control over timber on the property leased and reserved the right to mine everything but coal, does not alter the case. It is not the power to act, but the actual activities in certain directions, which may constitute a "doing of business." U. S. v. Emery, Bird, Thayer Realty Co., 237 U. S. 28, 35 Sup. Ct. 499, 59 L. Ed. 825; Abrast Realty Co. v. Maxwell Co. (D. C.) 206 Fed. 333; Cambria Steel Co. v. McCoach (D. C.) 225 Fed. 278; Miller v. Snake River Valley R. R. Co., 223 Fed. 946, —— C. C. A. ——. Accordingly it was held in Traction Co. v. Collector of Internal Revenue, 223 Fed. 984, —— C. C. A. ——, that where the lessor covenanted to protect the lessee in the full enjoyment of his property that this did not constitute a doing of business, even though the lessor allowed the use of its name in a suit to prevent interference with the lessee's enjoyment of the property.

Nor can the plaintiff be said to be doing business because of the allegations that the company, since executing the leases of its property, has assumed mortgage indebtedness, that it pays interest on it, and is preparing to pay its principal. It is admitted that such mortgage indebtedness was in fact assumed prior to the time for which the taxes were assessed. The mere paying of interest on indebtedness of any

kind and the preparation to pay the principal are not a doing of business within the meaning of the act. Abrast Realty Co. v. Maxwell (D. C.) 206 Fed. 333; Anderson v. Morris & Essex R. R. Co., 216 Fed. 83, 132 C. C. A. 327; N. Y. Central & Hudson River R. R. Co. v. Gill, 219 Fed. 184, 134 C. C. A. 558; Traction Co. v. Collector of Internal Revenue, 223 Fed. 984, —— C. C. A. ——; Philadelphia Traction Co. v. McCoach (D. C.) 224 Fed. 800. The tax provided for by the act is not imposed on the franchises of the corporation, nor on its property, only on the "doing of business" in a corporate capacity as authorized. Flint v. Stone Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 Sup. Ct. 361, 55 L. Ed. 428; McCoach v. Minehill Railway Co., supra. It may be safely asserted that the plaintiff was not doing business as a railroad company during the years 1909 and 1910 over the lines and upon its property covered by its lease. The business of serving the public as a common carrier, which was the prime object of its incorporation, was turned over to its lessees. For this purpose the plaintiff must be regarded as out of business, and the taxes therefore were unlawfully imposed.

[3] The affidavit also questions the regularity of the appeal to the Internal Revenue Commissioner, and sets up the statute of limitations. It is not stated wherein such appeal is informal, and it matters little, if any. The plaintiff's statement contains the information, and to this there is no denial, that the claims for refund were before the Commissioner within the time required, and rejected by him, whereupon a cause of action accrued, and this within two years from the bringing of this suit, the period provided by the act of June 6, 1872. There it is enacted that:

"All suits * * * for the recovery of any internal tax alleged to have been erroneously assessed or collected, or any penalty claimed to have been collected without authority, * * * should be brought within two years next after the cause of action accrued and not thereafter; and all claims for the refunding of any internal tax or penalty should be presented to the Commissioner * * * within two years next after the cause of action accrued and not thereafter." 17 Stat. 257, c. 315, § 44 (Comp. St. 1913, § 5950).

See Wright v. Blakeslee, 101 U. S. 174, 25 L. Ed. 1048.

No suit can be maintained under the law until an appeal has been taken to the Commissioner. If on the appeal the claim is rejected, an action may be maintained against the collector (Rev. Stat. §§ 3226, 3227, 3228), and through him, on establishing the error or illegality, a recovery can be had. When the Commissioner rendered his decision, rejecting plaintiff's claim, the right of action was complete. It was then that plaintiff had a right to bring this suit, which was not barred when actually entered.

[4] The remaining question presented on the claim of plaintiff for allowance of interest must also be answered in the affirmative. In a recent opinion handed down by Justice Van Deventer (National Volunteer Home v. Parrish, 229 U. S. 496, 33 Sup. Ct. 944, 57 L. Ed. 1296) the doctrine laid down in Erskine v. Van Arsdale, 14 Wall. 75, 21 L. Ed. 63, and Redfield v. Bartels, 139 U. S. 694, 11 Sup. Ct. 683, 35 L. Ed. 310, was reiterated, that:

"In suits against collectors to recover moneys illegally exacted as taxes and paid under protest the settled rule is that interest is recoverable without any statute to that effect, and this although the judgment is not to be paid by the collector but directly from the treasury."

The exceptions are sustained, and the rule for judgment is made absolute. The clerk is instructed to enter judgment for the amount collected, $696.90 and $693.04, with interest from June 30, 1910, and June 30, 1911, on the respective payments.