OLD COLONY R. CO. et al. v. GILL, Internal Revenue Collector.
SAME v. MALLEY, Internal Revenue Collector.

(District Court, D. Massachusetts. June 28, 1916.)

Nos. 259, 367, 582.

1. INTERNAL REVENUE �köð9—CORPORATION TAX—LEASE OF PROPERTIES BY RAILROAD—"ENGAGED IN BUSINESS."

The Old Colony Railroad Company, whose demised roads were operated by the New York, New Haven & Hartford Railroad Company as lessee, and not as agent, *held* not a corporation "engaged in business" during the years 1909–1912, inclusive, within the meaning of Corporation Tax Law Aug. 5, 1909, § 38, and therefore not subject to the imposition of the tax authorized.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Engage.]

2. INTERNAL REVENUE ⊛38—ILLEGAL TAXES—PAYMENT UNDER PROTEST—RECOVERY WITH INTEREST.

Corporation taxes assessed against a railroad, which had leased its properties and was not engaged in business during the years in question, were illegal, and, having been paid under protest, may be recovered, with interest, from the collector of internal revenue.

At Law. Actions by the Old Colony Railroad Company and others against James D. Gill and against John F. Malley, each as Collector of Internal Revenue for the Third District of Massachusetts. Judgments directed for plaintiffs.

F. A. Farnham and Arthur W. Blackman, both of Boston, Mass., for plaintiffs.

Asa P. French, U. S. Atty., of Boston, Mass., for defendant Gill.

Geo. W. Anderson, U. S. Atty., of Boston, Mass., for defendant Malley.

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BINGHAM, Circuit Judge. [1] The Old Colony Railroad Company was not a corporation engaged in business during the years 1909, 1910, 1911, and 1912, within the meaning of the Corporation Tax Law of August 5, 1909, § 38, 36 Stat. 112, and was not subject to the imposition of the tax therein authorized. N. Y. Central & Hudson R. R. R. Co. v. Gill, 219 Fed. 184, 134 C. C. A. 558; Traction Cos. v. Collectors, 223 Fed. 984, 139 C. C. A. 360; Miller v. Snake River Valley R. R. Co., 223 Fed. 946, 139 C. C. A. 426; Public Service Ry. Co. v. Herold, 229 Fed. 902, 144 C. C. A. 184; Anderson v. Morris & Essex R. R. Co., 216 Fed. 83, 132 C. C. A. 327. The New York, New Haven & Hartford Railroad Company operated the demised roads as lessee and not as agent. After the lease was given the Old Colony Railroad Company did not exercise the powers of a principal, but simply those of a lessor.

[2] The taxes assessed against the lessor during the years in question were illegal, and, having been paid under protest, the plaintiffs are entitled to recover the same with interest. National Home for Disabled Volunteer Soldiers v. Parrish, 229 U. S. 494, 496, 33 Sup. Ct. 944, 57 L. Ed. 1296.

In No. 259 judgment will be entered for the plaintiffs for $13,515.30, with interest thereon from June 30, 1910, and costs.

In No. 367 judgment will be entered for the plaintiffs for $14,204.80, with interest thereon from June 28, 1911, and costs.

In No. 582 judgment will be entered for the plaintiffs for $14,624.80, with interest thereon from June 30, 1912, and for $15,114.80, with interest thereon from April 16, 1914, and costs.