BOSTON & P. R. CORPORATION et al. v. GILL, Internal Revenue Collector.

(District Court, D. Massachusetts. September 13, 1916.)

Nos. 263, 364, 519, 521–523, 583.

INTERNAL REVENUE ⬤⟿38—ILLEGAL ASSESSMENTS—RECOVERY—INTEREST—LACK OF DILIGENCE.

Where railroads, seeking to recover from collectors of internal revenue taxes illegally assessed, delayed in pressing their claims on account of an understanding with the collectors that the claims should await the decision of other pending cases, but it became apparent that the question of interest could not be adjusted, and would have to be submitted to the court, the railroads' conduct did not disentitle them to interest for any lack of diligence in prosecution.

At Law. Two actions by the Boston & Providence Railroad Corporation and others against James D. Gill, as Collector of Internal Revenue, heard with actions by the Boston & Providence Railroad Corporation, by the Boston & Lowell Railroad Company, by the Connecticut River Railroad Company, by the Fitchburg Railroad Company, and by the Worcester, Nashua & Rochester Railroad Company against John F. Malley, as Collector of Internal Revenue. Judgment directed to be entered in due course for plaintiffs for the amounts agreed upon, with interest.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Case No. 263:
F. A. Farnham and A. W. Blackman, both of Boston, Mass., for plaintiff.
Asa P. French, U. S. Atty., of Boston, Mass., for defendant.

Case No. 364:
A. W. Blackman, of Boston, Mass., for plaintiff.
Geo. W. Anderson, U. S. Atty., of Boston, Mass., for defendant.

Case No. 583:
F. A. Farnham and A. W. Blackman, both of Boston, Mass., for plaintiff.
Geo. W. Anderson, U. S. Atty., of Boston, Mass., for defendant.

Cases Nos. 519, 521, 522, and 523:
Charles H. Blatchford, of Portland, Me., for plaintiffs.
Asa P. French, U. S. Atty., of Boston, Mass., for defendant.

MORTON, District Judge. The question whether the defendants are liable for interest on the taxes illegally assessed has been decided since these cases were argued in the plaintiffs' favor. See opinion of Bingham, J., Old Colony R. R. Co. v. Gill, Collector (D. C. Mass., No. 259, June 28, 1916) 257 Fed. 220.

The only other question is whether the plaintiff in any of the cases is not entitled to interest because of lack of diligence in prosecuting its claim. All the plaintiffs were closely associated. The delay in pressing their claims was, for a considerable period, due to an understanding with the defendants that these claims should await the decision of other pending cases. As late as April 30, 1915, it was suggested, on behalf of the defendants, that two of these cases should "await the decision of cases involving similar questions now pending in other districts." That suggestion was equally applicable to the other cases. Just when it became apparent to the parties that the question of interest could not be adjusted between them, and would have to be submitted to the court, is not clear. It must have been after the date referred to. Under such circumstances I do not think that the plaintiffs' conduct has been such as to put them outside the usual rule.

Judgment may be entered in due course for the amounts agreed upon, with interest.