### HUNNEWELL et al. v. GILL et al.

#### (District Court, D. Massachusetts. June 5, 1918.)

#### No. 636.

1. INTERNAL REVENUE ☞8—INHERITANCE TAX—CONSTRUCTION.
   Act June 27, 1902, providing that inheritance tax provisions of the War Revenue Act of 1898 should not affect contingent beneficial interests not vested before July 1, 1902, makes the 1898 tax inapplicable to an estate not probated before July 1, 1902.

2. INTERNAL REVENUE ☞36—RECOVERING TAX PAYMENTS.
   Act July 27, 1912, authorizing presentation of claims for refunding inheritance taxes illegally collected under Act June 13, 1898, § 29, to the Commissioner of Internal Revenue, and authorizing the Secretary of the Treasury to pay such refunds, restricts a claimant to suit against the United States, and does not authorize one against an internal revenue collector under Rev. St. §§ 3220, 3226–3228 (Comp. St. §§ 5944, 5949–5951).

At Law. Action by Francis W. Hunnewell and others against James D. Gill and others, former and present Collectors of Internal Revenue. Judgment for defendants.

Warner, Stackpole & Bradlee, of Boston, Mass., for plaintiffs.
George W. Anderson, U. S. Atty., of Boston, Mass., for defendants.

MORTON, District Judge. This is an action at law by the surviving executor of H. Hollis Hunnewell, deceased, against the former and present collectors of internal revenue, to recover back an inheritance tax of $115,668.88 assessed under section 29 of the War Revenue Act of June 13, 1898 (30 Stat. 464, c. 448), against the estate of said decedent, and paid under protest in 1903. The plaintiffs also claim interest amounting to about $83,000. The case was heard on a statement and supplementary statement of agreed facts.

H. H. Hunnewell died in May, 1902. He left a will, which was admitted to probate in September, 1902, and executors were then appointed. There was no probate on the estate, and no payments from it were made, before that time. The inheritance tax provisions of the act of 1898, so far as material to this case, were repealed by Act April 12, 1902, c. 500 (32 Stat. 97), the repeal to take effect on July 1, 1902. The testator, it will be observed, died after the passage of the repealing act, and before it became operative. On June 27, 1902, another act was passed, which provided, in substance, that no tax should thereafter

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be assessed or imposed under the act of 1898 "upon or in respect of any contingent beneficial interest which shall not have become absolutely vested in possession or enjoyment prior to July 1, 1902," and that such taxes which had been collected should be refunded. 32 Stat. 406, c. 1160.

Under the act of 1898 the Treasury Department collected various taxes; aggregating a large amount, to which, it was eventually decided the United States was not entitled. The resulting situation not being adequately provided for by existing law, in 1912 an act was passed, which is copied in full on the margin.[1] Under this act the plaintiffs, on December 24, 1913, made a claim to the Commissioner of Internal Revenue for the repayment of the taxes here in question. This claim was refused, and the present suit was then brought. Previous claims had also been made by the plaintiffs to the collector and the Commissioner. They were based, not on the Revised Statutes, but upon the act of 1902, and they were not sufficient to lay the foundation for an action against the collector, under Rev. Stats. §§ 3226 and 3227 (Comp. St. §§ 5949, 5950). They may, I think, be disregarded for the purpose of the present case.

[1] In United States v. Jones, 236 U. S. 106, 35 Sup. Ct. 261, 59 L. Ed. 488, Ann. Cas. 1916A, 316, and McCoach, Collector, v. Pratt, 236 U. S. 562, 35 Sup. Ct. 421, 59 L. Ed. 720 (Comp. St. §§ 5944, 5949–5951) it was decided that the act of 1902 applied to unprobated estates, like the Hunnewell estate, and that no tax was assessable thereon. The tax here in question was therefore illegally assessed and collected. ·

[2] Passing over several points of rather technical character urged by the defendants, which seem to me not well taken, the question on which the case turns, as I view it, is whether the act of 1912 opens the way for a suit like the present one against the collector under the general revenue statutes. R. S. §§ 3220, 3226, 3227, 3228. United States v. Hvoslef, 237 U. S. 1, 35 Sup. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286, expressly decided that the act of 1912 gave a new right of action against the United States, independent of the provisions of the Revised Statutes. In view of that decision, the only contention open to

---

1 Act July 27, 1912, c. 256, 37 Stat. 240:

"An act extending the time for the repayment of certain war revenue taxes erroneously collected.

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that all claims for the refunding of any internal tax alleged to have been erroneously or illegally assessed or collected under the provisions of section 29 of the act of Congress approved June 13, 1898, known as the war revenue tax, or of any sums alleged to have been excessive, or in any manner wrongfully collected under the provisions of said act may be presented to the Commissioner of Internal Revenue on or before the first day of January, 1914, and not thereafter.

"Sec. 2. That the Secretary of the Treasury is hereby authorized and directed to pay, out of any moneys of the United States not otherwise appropriated, to such claimants as have presented or shall hereafter so present their claims, and shall establish such erroneous or illegal assessment and collection, any sums paid by them or on their account or in their interest to the United States under the provisions of the act aforesaid.

"Approved July 27, 1912."

the plaintiffs is that the act has a double aspect, and also authorizes suit against the collector. The question is of practical importance, because, if the plaintiffs can maintain the present action, they would be entitled to interest, which as stated, amounts to $83,000. Old Colony R. R. Co. v. Gill, Collector, 257 Fed. 220 (D. Ct. Mass., June 28, 1916); Boston & Providence R. R. Co. v. Gill, Collector, 257 Fed. 221 (D. Ct. Mass. September 13, 1916). If they can only sue the United States, as the act of 1912 does not provide for the payment of interest, it cannot be recovered.

In the Hvoslef Case, the Supreme Court, after referring to various refunding statutes which created rights of action against the United States, said:

"The same rule must obtain as to all claims described in the act of 1912, and in this view we are not concerned in the present case with questions arising under the general provisions of the internal revenue laws." Hughes, J., 237 U. S. 11, 35 Sup. Ct. 462, 59 L. Ed. 813, Ann. Cas. 1916A, 286.

An examination of the briefs in that case shows that the solicitor general made substantially the same contention as the present plaintiffs. It was with reference to that argument that the language quoted was used by the court. I understand it to mean that all claims under the act of 1912 are to be prosecuted in the same manner; i. e., by suit against the United States. So construed, the decision just referred to is decisive on the question before me. If I am in error in this, and the question is an open one, I should still reach the same conclusion. I do not think that the act contemplates two sorts of claims, one of which may be recovered with interest through suits against the collector, based on the first section and the general revenue statutes (Rev. Stats. §§ 3220, 3226, 3227, 3228), while the other is to be recovered without interest through suits against the United States, based on the second section.

I give such of the requests for rulings as are consistent with the foregoing opinion: the others I refuse.

Judgment for defendants.