**CONHAIM HOLDING CO. v. WILLCUTS,
Collector of Internal Revenue.**

District Court, D. Minnesota, Third Division.
August 10, 1927.

No. 1551.

Internal revenue ⊕9(26)—Holding company, handling assets of estate for profit of heirs, held corporation "doing business," and subject to capital stock tax (Revenue Act 1924, § 700a [1], being 26 USCA § 223 [1]).

A holding corporation, organized for the purpose of holding the assets of a decedent until they could be disposed of advantageously, and then to distribute the proceeds among the heirs, and in the meantime to handle the stocks, leaseholds, lands, and other assets in such way as would be to the best advantage to the corporation and those interested in it, which it did, *held* "doing business," within Revenue Act 1924, § 700a (1), being 26 USCA § 223 (1), Comp. St. § 5980n, and subject to capital stock tax thereunder.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

At Law. Action by the Conhaim Holding Company against Levi M. Willcuts, Collector of Internal Revenue. Judgment for defendant.

Benjamin H. Flesher, of Minneapolis, Minn., for plaintiff.

Leland W. Scott, Asst. U. S. Atty., and Ralph S. Scott, Sp. Asst. U. S. Atty., both of Washington, D. C., for defendant.

JOHN B. SANBORN, District Judge. In December, 1920, the plaintiff, Conhaim Holding Company, was incorporated under the laws of Minnesota. Its main object was to hold and conserve the assets belonging to the estate of Louis Conhaim, deceased, to liquidate them when that could be done advantageously, and to distribute their avails among the stockholders of the corporation. The estate consisted of stocks, leaseholds, timber land, and life insurance renewal commissions. The corporation has maintained an office, but has no employees. It has never dealt in securities. It has never sold the timber land, because no opportunity has arisen to sell it. No income is received from it. The secretary of the corporation receives a salary of $100 a year for his services and is an auditor and accountant. The income of the corporation consists of dividends upon the stocks, renewal commissions upon life insurance written by Louis Conhaim in his lifetime, and rentals from the leaseholds. Numerous loans have been made by the corporation to its stockholders, who—with the exception of a son-in-law and the secretary, who hold qualifying shares—are the heirs of Louis Conhaim. One loan was made to the American Security Company at the request of the son-in-law. The loans were apparently made for the accommodation and benefit of the stockholders, but interest was paid and collected. In some cases, the company has loaned its credit to the stockholders, and in other cases, when in funds, has permitted them to have the use of funds, paying the current rate of interest therefor. No distribution of assets or income has been made, and the carrying charges of the property require most of the income.

Revenue Act 1924, § 700 (a) (1), being 26 USCA § 223 (1), Comp. St. § 5980n, provides that "every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of $5,000." The plaintiff paid this excise tax for 1921, 1922, and 1923, amounting in all to $156, and then decided that it was not doing business within the meaning of the Revenue Act, and has brought this suit to recover what it has paid to the government.

The question is whether the corporation was required to pay the tax. The powers of the corporation, as enumerated in its articles, are as follows:

"To hold, own, acquire, use, manage, develop, improve, lease, buy, sell, transfer, convey, deal in, encumber, pledge, mortgage, assign, exchange and otherwise dispose of any and all kinds of property, real, personal and mixed, and wheresoever situated, including lands, and any interest therein, chattels, bonds, stocks and other securities and evidences of indebtedness, whether corporate or not; to loan and borrow money, either with or without security, but not to engage in a banking business; to purchase or otherwise acquire, hold and reissue, subject to the provisions of law, the shares of its own capital stock; to acquire, undertake, carry on and dispose of all or any part of the business, assets, liabilities and securities of any person, partnership, association or corporation, and to become surety or guarantor for the debts and obligations of the same, and to do any and all things essential, necessary or convenient or advisable in the conduct of such business."

It has been held that, in determining whether a corporation is obliged to pay the tax, the question is what the corporation is doing, and not what it could do. United States

v. Emery-Bird-Thayer Realty Co., 237 U. S. 28, 32, 35 S. Ct. 499, 59 L. Ed. 825. In Von Baumbach v. Sargent Land Co., 242 U. S. 503, 516, 37 S. Ct. 201, 204 (61 L. Ed. 460), the Supreme Court said:

"It is evident, from what this court has said in dealing with the former cases, that the decision in each instance must depend upon the particular facts before the court. The fair test to be derived from a consideration of all of them is between a corporation which has reduced its activities to the owning and holding of property and the distribution of its avails, and doing only the acts necessary to continue that status, and one which is still active and is maintaining its organization for the purpose of continued efforts in the pursuit of profit and gain and such activities as are essential to those purposes."

In the case of Flint v. Stone Tracy Co., 220 U. S. 107, 171, 31 S. Ct. 342, 357 (55 L. Ed. 389, Ann. Cas. 1912B, 1312) the court said: " 'Business' is a very comprehensive term, and embraces everything about which a person can be employed. Black's Law Dict. 158, citing People ex rel. Hoyt v. Tax Commissioners, 23 N. Y. 242, 244. 'That which occupies the time, attention, and labor of men for the purpose of a livelihood or profit.' Bouvier's Law Dictionary, p. [406] 273."

In Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 S. Ct. 361, 55 L. Ed. 428, it was held that a corporation, the sole purpose of which was to hold title to a single parcel of real estate subject to a long lease and, for the convenience of the stockholders, to receive and distribute the rentals arising from the lease and proceeds of disposition of the land, and which had disqualified itself from doing any other business, was not a corporation doing business within the meaning of the corporation tax provisions of the Act of August 5, 1909, c. 6, 36 Stat. 11, 112, and was not subject to the tax.

In the case of Nunnally Inv. Co. v. Rose (D. C.) 14 F. (2d) 189, it appeared that the company, prior to June 30, 1921, had been doing business in a sense which required it to pay the tax. After that date it intended to do no business which would render it liable to the tax. It had no separate office, and kept its books in the office of another corporation, whose officers were also officers of the investment company. There were but four stockholders, all belonging to the same family. The investment company held the proceeds of the sale of its corporate assets to the Nunnally Company of Delaware. On July 1, 1921, the investment company's property consisted of a large amount of stocks, bonds and cash. It had loaned some money to employees and to its stockholders for their accommodation. It collected income on the stocks and bonds held by it, and declared dividends. The court concluded that it was not doing business within the meaning of the act.

The Nunnally Case seems to be almost identical with this one, since the making of the one loan to the American Security Company, which was not a stockholder and apparently not interested in the estate of Louis Conhaim, would scarcely be enough to distinguish it; but there is in my mind considerable doubt as to the correctness of that decision.

In Edwards v. Chile Copper Co., 270 U. S. 452, 455, 46 S. Ct. 345, 346 (70 L. Ed. 678), Mr. Justice Holmes said of the corporation there involved: "It was organized for profit and was doing what it principally was organized to do in order to realize profit. The cases must be exceptional, when such activities of such corporations do not amount to doing business in the sense of the statutes. The exemption 'when not engaged in business' ordinarily would seem pretty nearly equivalent to when not pursuing the ends for which the corporation was organized, in the cases where the end is profit."

It is true that the Conhaim Holding Company was not engaged actively in business, but its purpose was to hold the assets of the estate until they could be disposed of advantageously and profitably, and then to distribute the avails. In the meantime it was to handle the stocks, leaseholds, lands, and other assets in such a way as would be to the best advantage of the corporation and those interested in it, and so as to produce the largest amount for ultimate distribution, and that is what has been done. No distribution has been made, because the time has not been reached when that can be done profitably.

To my mind, the question is a very close one, and my first impression was that the company was not subject to the tax, and should not have paid it; but I cannot escape the conclusion that the company is something more than a mere intermediary or agency for the stockholders. They chose the advantages of corporate organization as the best solution of the problem with which they were confronted, and the best and most profitable means of disposing of the assets of Louis Conhaim and their ultimate distribution. Concededly the corporation was organized to get a better price for these assets than was obtainable when it was organized, and the stockholders are receiving and will receive

whatever gains may accrue by reason of its corporate activities in connection with the holding of the property for a better price and the investment of the funds in the meantime. While it has these assets, it does and must necessarily do what any other corporation would do, which owned such property and was holding it for sale at a profit.

In Flint v. Stone Tracy Co., supra, it was held that the tax is upon the doing of business with the advantages which inhere in the peculiarities of corporate or joint-stock organization of the character described in the act. See, also, McCoach v. Minehill & S. H. R. Co., 228 U. S. 295, 33 S. Ct. 419, 57 L. Ed. 842; Maxwell v. Abrast Realty Co. (C. C. A.) 218 F. 457; Wilkes-Barre & W. V. Traction Co. v. Davis (D. C.) 214 F. 511; Cambria Steel Co. v. McCoach (D. C.) 225 F. 278; Lewellyn v. Pittsburgh, etc., R. Co. (C. C. A.) 222 F. 177; Miller v. Snake River Valley R. Co. (C. C. A.) 223 F. 946; New York Central & H. R. R. Co. v. Gill (C. C. A.) 219 F. 184; Waterbury Gas Light Co. v. Walsh (D. C.) 228 F. 54; State Line & S. R. Co. v. Davis (D. C.) 228 F. 246; Public Service Ry. Co. v. Herold (C. C. A.) 229 F. 902.

Finding the facts to be as hereinbefore stated, I reach the conclusion that the defendant is entitled to judgment that the plaintiff take nothing herein, and that its complaint be dismissed, and for costs and disbursements as provided by law. Let judgment be entered accordingly.