262

## CAROLINA, C. & O. RY. v. HIGGINS, Collector of Internal Revenue.

District Court, S. D. New York.
Oct. 18, 1937.

Miller, Owen, Otis & Bailly, of New York City, for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (William F. Young, Asst. U. S. Atty., of New York City, of counsel), for defendant.

CLANCY, District Judge.

This consolidated action presents the question whether the plaintiff corporation was "carrying on or doing business" within the meaning of section 215 of the National Industrial Recovery Act (48 Stat. 207) and section 701 of the Revenue Act of 1934 (26 U.S.C.A. § 1358), which imposed an excise tax of $1 for each $1,000 of the adjusted declared value of the capital stock of corporations carrying on or doing business during the respective periods covered by these statutes. The plaintiff paid the taxes under protest, and now brings this suit for their recovery. Both parties waived a jury, and have entered into a stipulation embodying the facts of the case. The United States Attorney conceded at the trial that the government bases its claim that the plaintiff was engaged in business, within the meaning of the tax statutes, solely upon certain activities of the plaintiff set forth in the stipulation. A copy of the lease is annexed to the stipulation, and it will be unnecessary to write any long opinion incorporating the facts. Neither will it serve any useful purpose to attempt to review or add to what has already been written by the courts on the subject.

In the light of the decided cases, especially the railroad and other lease cases, McCoach v. Minehill & Schuylkill Haven R. R. Co., 228 U.S. 295, 33 S.Ct. 419, 57 L.Ed. 842; Anderson v. Morris & Essex Railroad Co. (C.C.A.) 216 F. 83; New York Central & Hudson River Railroad Co. v. Gill (C.C.A.) 219 F. 184; Lewellyn v. Pittsburgh, Bessemer & Lake Erie R. R. Co. (C.C.A.) 222 F. 177; Traction Cos. v. Collectors of Internal Revenue (C.C.A.) 223 F. 984; Jasper & Eastern Railway v. Walker (C.C.A.) 238 F. 533; Public Service Ry. Co. v. Herold (C.C.A.) 229 F. 902 and McCoach v. Continental Passenger Ry. Co. (C.C.A.) 233 F. 976, I am of the opinion that the plaintiff corporation was not engaged in business in the statutory sense. Whether viewed singly or as a whole, the corporate acts of the plaintiff were not performed in the conduct of the body or substance of the business for which the plaintiff corporation was primarily organized and from which, for all practical purposes, it had retired upon the making of the lease. Rather, the acts were such purely formal functions as are normally incidental to the status of a mere lessor and necessary to properly maintain that status. The sole income of the plaintiff corporation was fixed at the rent reserved in the lease. Any profit which resulted from the plaintiff's nearly passive co-operation, as nominal owner, with the active operators and managers of the railroads, the lessees, as required by the terms of the lease, inured to the benefit of the lessees, and all the acts which the government contends evidence business activity were done upon the request of the lessees simply to enable them to fully enjoy and exercise the property and franchises surrendered to them by the plaintiff under the lease. I believe that the facts in Wisconsin Central Ry. Co. v. United States (Ct.Cl.) 41 F.(2d) 870, certiorari denied 283 U.S. 829, 51 S.Ct. 353, 75 L.Ed. 1442, distinguish that case from this. The plaintiff is entitled to judgment. Submit proposed findings of fact and conclusions of law.