## UNITED STATES *v.* SHERMAN.

Where, under sect. 8 of the act of July 28, 1866 (14 Stat. 329), the court grants a certificate that there was probable cause for the acts done by an officer of the United States, for which the judgment was rendered against him, the amount payable out of the treasury does not include any interest which had accrued upon the judgment before such certificate was given.

ERROR to the Supreme Court of the District of Columbia. The facts are stated in the opinion of the court.

*Mr. William A. Maury* for the relator.
*The Attorney-General, contra.*

MR. JUSTICE STRONG delivered the opinion of the court.

This was an application to the Supreme Court of the District of Columbia for a *mandamus* to John Sherman, Secretary of the Treasury, commanding him to pay to Alexander McLeod, the relator, the sum of $4,279.94, with interest from the ninth day of November, 1874. The facts of the case, as they are made to appear, are as follows : —

On the eighteenth day of June, 1869, the relator recovered a judgment in the Circuit Court of the United States for the District of South Carolina against T. C. Callicott, a supervising special agent of the Treasury Department, for the sum of $11,700.68, besides $119.30 for costs. On the 5th of July next following a *fi. fa.* was issued upon this judgment. The execution, however, was suspended by a writ of error sent from this court to the Circuit Court, sued out by direction of the Secretary of the Treasury. But the writ was dismissed on the seventeenth day of February, 1871. Nothing further appears to have been done until June 8, 1874, when the relator applied to the Circuit Court for a certificate of probable cause under the act of Congress of March 3, 1863 (12 Stat. 741), and the act of July 28, 1866 (14 id. 329); and the court certified " that

on the trial of said cause (in the Circuit Court) it appeared there was probable cause moving the defendant (Callicott), for the acts done by him whereon the judgment was had and recovered against him," " and, further, that the said acts were done under the direction of the Secretary of the Treasury." The certificate thus obtained was then brought to the Treasury Department, and on the 4th of November next following the first auditor adjusted the account, and certified that there was due from the United States to the relator the sum of $12,039.50, the amount of the judgment recovered in the Circuit Court, with interest from June 8, 1874, the time when the certificate of probable cause was given. This adjustment was confirmed and certified by the controller, and that sum was received by the relator on the 9th of the same month.

He now contends that it was an insufficient payment, and that there is still due to him from the United States the sum of $4,279.94, with interest from November 9, aforesaid. It will be noticed that in the adjustment of the account by the first auditor, and in the payment made, no interest was allowed for the time which intervened between the rendition of the judgment and the date when the certificate of probable cause was obtained. That interest at the rate allowed in South Carolina amounted to $4,279.94, and the principal question now raised is whether the United States is under obligation to pay that. The *mandamus* asked for is to compel allowance and payment of that interest.

We have, therefore, to inquire whether the United States is under obligation to pay interest on the judgment obtained in the Circuit Court from the time when the judgment was rendered, until the certificate of probable cause was given. To this question alone we address ourselves. Several objections to the issue of the *mandamus* asked by the relator — some of them grave — have been interposed by the defendant, but we do not think it necessary to consider them. The twelfth section of the act of Congress of March 3, 1863 (12 Stat. 741), relative to suits against revenue officers, enacted that where a recovery shall be had in any such suit, and the court shall certify that there was probable cause for the act done by the collector or other officer, or that he acted under the directions

of the Secretary of the Treasury or other proper officer of the government, no execution shall issue against the collector or other officer, but the amount so recovered shall, upon final judgment, be provided for and paid out of the proper appropriation from the treasury. This section was, by the act of July 28, 1866 (14 id. 328), declared to extend to and embrace all cases arising under the Captured and Abandoned Property Acts of March 12, 1863, and July 2, 1864, whether then pending or thereafter brought, " provided that such acts done, or proceedings under the two acts last mentioned, shall have been done and had under the authority or by the direction of the executive government of the United States."

It was under these acts ostensibly that the certificate of probable cause was obtained.

It was obtained not by the agent of the Treasury Department sued, but on motion of the relator, who was the plaintiff in the suit. Conceding, however, as we do, that the Circuit Court was empowered to give the certificate on the request of either party, it is to be considered what was the liability fastened thereby upon the United States.

The act of Congress enacts that when the certificate of probable cause is given, the amount recovered shall, upon final judgment, be paid out of the appropriation from the treasury. When the certificate is given, the claim of the plaintiff in the suit is practically converted into a claim against the government. But not until then.

Before that time, the government is under no obligation, and the Secretary of the Treasury is not at liberty to pay. When the obligation arises, it is an obligation to pay the amount recovered; that is, the amount for which judgment has been given. The act of Congress says not a word about interest. Judgments, it is true, are by the law of South Carolina, as well as by Federal legislation, declared to bear interest. Such legislation, however, has no application to the government. And the interest is no part of the amount recovered. It accrues only after the recovery has been had. Moreover, whenever interest is allowed either by statute or by common law, except in cases where there has been a contract to pay interest, it is allowed for delay or default of the debtor. But

delay or default cannot be attributed to the government. It is presumed to be always ready to pay what it owes. Certainly there was no delay in the present case. The government paid the amount recovered against Callicott, viz. the sum for which the verdict and judgment were given, as soon as its liability accrued. If there has been a loss of interest, it is not due to the government. It is due to the dilatoriness of the relator himself. He might have applied to the Circuit Court for the certificate of probable cause immediately on the rendition of the judgment, as is generally done, though commonly by the defendant. But he waited nearly five years, from June 18, 1869, to June 8, 1874. It would be strange, indeed, if by his own delay he can compel the United States to pay interest on a judgment which it was ready to pay as soon as its liability accrued.

We do not overlook the fact that the plaintiff's execution was suspended by the writ of error directed by the Secretary of the Treasury. But the execution did not suspend his power to obtain the certificate necessary to cast the liability upon the government, and the writ was dismissed in February, 1871. Then there was nothing in the way of a second execution against Callicott. But no step was taken until more than three years had elapsed, when the certificate was obtained. It cannot be admitted that the plaintiff, at his option, may impose upon the United States a liability to pay interest, as long as he pleases, upon a sum of money that, during all the time in which the interest accrues, the government was not bound to pay. Such, we think, is not the requirement of the act of Congress. The "amount recovered," spoken of in the acts of 1863 and 1866, is the sum for which judgment was given, and it does not include the interest which the judgment may bear prior to the time when the certificate of probable cause is made.

It follows that there is nothing due to the relator, and, therefore, he is not entitled to a writ of *mandamus.*

*Judgment affirmed.*