### BURROUGH v. ABEL.

(Circuit Court, E. D. Pennsylvania. December 17, 1900.)

No. 10, October Term, 1897.

INTERNAL REVENUE—RECOVERY OF TAXES PAID—INTEREST.

Where there was such delay in the prosecution of a claim for the repayment of internal revenue taxes alleged to have been illegally exacted by the collector that nearly 30 years elapsed before action was brought thereon, the plaintiff will not be allowed interest during such time, but he is entitled to interest on the principal recovered from the time the suit was commenced.

Case Stated. Action to recover internal revenue taxes alleged to have been illegally exacted.

For former opinion, see 100 Fed. 66.

T. W. Neill and D. W. Sellers, for plaintiff.
James B. Holland, for defendant.

J. B. McPHERSON, District Judge. The parties having agreed upon an estimate of the quantity of distilled spirits that were actually in the bonded warehouse on July 20, 1868, it now appears that the sum paid by the plaintiff upon so much of the spirits as had then been lost by evaporation and leakage was $12,473.65. For this sum, therefore, as principal, the plaintiff is entitled to judgment. Is he also entitled to interest? Certainly not during the whole period, as I think, because of the long delay in the prosecution of the claim (Redfield v. Iron Co., 110 U. S. 174, 3 Sup. Ct. 570, 28 L. Ed. 109; Same v. Bartels, 139 U. S. 694, 11 Sup. Ct. 683, 35 L. Ed. 310); but I think an allowance is proper from October 28, 1897, the day when this action was begun, and accordingly that sum, namely, $2,347.08, should be added to the principal amount, making a total of $14,-820.73, for which amount the clerk is directed to enter judgment.