**WHITE v. WEISS, Collector of Internal Revenue.**

(District Court, N. D. Ohio, E. D. July 3, 1925.)

**1. Internal revenue ⬅➡38—Order cannot be granted to require Treasury officials, not parties to case, and not in reach of process, to pay interest on judgment.**

In proceedings to recover income tax paid under protest, court may not order Treasury officials, not parties to case, and not within reach of its process, to pay interest on judgment from date of final judgment until it was paid.

**2. Internal revenue ⬅➡38—Execution may not be issued personally against collector of internal revenue, after allowing certificate of probable cause for act done by him.**

Under Rev. St. § 989 (Comp. St. § 1635), where court certifies that there was probable cause for act done by collector of internal revenue in collecting income taxes, execution may not be afterward awarded against such collector personally for unpaid interest on excess payments of income tax.

**3. Internal revenue ⬅➡38—Congress may provide that, on issuance of certificate of probable cause for act of official done under color of authority, execution may not issue against him for recovery of excess income taxes.**

Congress may provide, as it did in Rev. St. § 989 (Comp. St. § 1635), that after judgment for recovery of money exacted by or paid to collector of internal revenue under color of authority, particularly in matters pertaining to collection and disbursement of taxes and revenue, on certificate by court that there was probable cause for act done by collector, or that he acted under directions of Secretary of Treasury, or other proper government officer, execution may not issue on judgment against collector, and may require amount so recovered to be paid out of proper appropriation from Treasury.

At Law. Action by John G. White against Harry H. Weiss, Collector of Internal Revenue, to recover income taxes paid under protest. Judgment for plaintiff, which was affirmed on appeal by the Circuit Court of Appeals, and on certiorari by the United States Supreme Court. Plaintiff moves for an order requiring the proper United States Treasury officials to pay interest on judgment accruing from date of final judgment to date of actual payment, or, in the alternative, for execution against defendant personally for such unpaid interest. Motion denied.

White, Cannon & Spieth, of Cleveland, Ohio, for plaintiff.

The United States Attorney, for defendant.

WESTENHAVER, District Judge. Plaintiff has filed herein on March 6, 1925, a motion for further relief in collection of an alleged balance unpaid on judgment heretofore rendered. The action originally was one to recover back income tax paid under protest, alleged to have been unlawfully assessed. On March 31, 1922, judgment was rendered in plaintiff's favor for $8,126.43, which sum included interest previously accruing on the payments as made. A certificate of probable cause was applied for and issued at the time this judgment was rendered. An appeal was prosecuted to the Circuit Court of Appeals, resulting in an affirmance; and on a writ of certiorari the United States Supreme Court took jurisdiction and affirmed the judgment of the lower courts. See Weiss v. Stearn, 265 U. S. 242, 44 S. Ct. 490, 68 L. Ed. 1001, 33 A. L. R. 520. Upon coming down of the mandate, judgment was entered thereon in this court for said sum of $8,126.43, and the costs in

all courts, to draw interest at the rate of 6 per cent. per annum from the 7th day of February, 1922, the date of the entry of the original judgment, until paid. A further certificate of probable cause was applied for and issued at the time of entering the judgment.

Upon application made in conformity to the regulations of the Treasury Department and the Commissioner of Internal Revenue, the judgment and costs as entered, with interest to July 14, 1924, was paid. It is plaintiff's contention that he was entitled to interest until date of payment. It is the contention of the district attorney and solicitor for the Commissioner of Internal Revenue, conducting the defense, that plaintiff is not entitled to interest except to July 14, 1924, the date of the final judgment, which, it is said, accords with the rule settled and established in Schell v. Cochran, 107 U. S. 625, 2 S. Ct. 827, 27 L. Ed. 543.

Plaintiff by his motion asks, first, an order requiring the proper officials of the United States Treasury to allow and pay the sum of $307.44, the amount of interest accruing from July 14, 1924, to March 3, 1925; or, second, in the alternative, that execution be awarded against the defendant personally for said unpaid interest. Elaborate briefs have been filed. Due consideration has been given to the arguments advanced and to the authorities cited. My conclusions will be stated, for information of counsel, without elaboration.

[1, 2] Obviously, the first branch of the motion is not within the jurisdiction of this court. The officials against whom the order is asked are not parties to this case, and are not within the reach of its process. The relief sought by the second branch of the motion is expressly prohibited by statute. See R. S. § 989 (U. S. Comp. Stats. 1916, § 1635). After judgment rendered against a collector, as was defendant, for recovery of money exacted by or paid to him, and by him paid into the Treasury in performance of his official duty, the court may certify that there was probable cause for the act done by the collector or other officer, or that he acted under the directions of the Secretary of the Treasury, or other proper officer of the Government. When this certificate is applied for and made, the statute forbids the issue of execution on the judgment against the collector, and requires the amount so recovered to be paid out of the

proper appropriation from the Treasury. This section is in that chapter of the Revised Statutes regulating execution upon judgments. The authorities seem to be uniform that no execution may issue after this certificate is allowed. See Smietanka v. Indiana Steel Co., 257 U. S. 1, 5, 42 S. Ct. 1, 66 L. Ed. 99; Sage v. United States, 250 U. S. 33, 37, 39 S. Ct. 415, 63 L. Ed. 828; Schell v. Cochran, 107 U. S. 625, 2 S. Ct. 827, 27 L. Ed. 543; United States v. Sherman, 98 U. S. 565, 25 L. Ed. 235; White v. Arthur (C. C.) 10 F. 80, 83; Nichols v. Gaston (1 C. C. A.) 281 F. 67, 70.

[3] The constitutional powers of Congress so to provide in matters pertaining to official acts under color of authority, particularly in matters pertaining to the collection and disbursement of taxes and revenue, do not seem to me to be open to question. It rests upon the same basis as the right of Congress to prohibit an action against a collector in such matters until after application has been made to the Commissioner of Internal Revenue for a refund of the money so collected, or its power to prohibit the granting of an injunction to restrain the collection of a tax unlawfully levied or assessed and remitting the taxpayer to an action at law to recover the same back after having first applied in the prescribed manner for a refund. The law in this respect appears also to be beyond dispute. In addition to the cases above cited, see Cary v. Curtis, 3 How. 236, 11 L. Ed. 576; Curtis v. Fiedler, 2 Black, 461, 479, 17 L. Ed. 273; Collector v. Hubbard, 12 Wall. 1, 20 L. Ed. 272.

These views require a denial of plaintiff's application in its entirety. Any opinion expressed as to plaintiff's right to interest between date of final judgment and actual payment can be only a dictum, but I deem it my duty to add that settlement was made with the plaintiff in accordance with what appears to be the settled practice of the accounting and disbursing officers of the United States, and in accordance with what seems to be the settled law. See United States v. Sherman, 98 U. S. 567, 568, 25 L. Ed. 235; Schell v. Cochran, 107 U. S. 625, 2 S. Ct. 827, 27 L. Ed. 543; White v. Arthur (C. C.) 10 F. 80, 83; Angarica v. Bayard, 127 U. S. 251, 260, 8 S. Ct. 1156, 32 L. Ed. 159; United States v. North Carolina, 136 U. S. 211, 216, 10 S. Ct. 920, 34 L. Ed. 336.

Plaintiff's motion will be denied. An exception may be noted.