BURROWS et al. v. WOODWORTH, Collector of Internal Revenue.

District Court, E. D. Michigan, S. D. April 9, 1926.

No. 7416.

**I. United States** ⊚=110—**Government is not liable for interest on judgment, unless prescribed by federal statute, or by contract or stipulation.**

The United States is not liable for interest on judgments against it, unless interest is prescribed by federal statute, or by contract or stipulation entered into by the government.

**2. Internal revenue** ⊚=38—**Interest on recovery against government for internal revenue illegally collected is allowed only to date of judgment, or, if it be reviewed on appeal, till final judgment (Judicial Code, § 177, as amended by Revenue Act 1926, § 1117).**

Judicial Code, § 177, as amended by Revenue Act 1926, § 1117, authorizes interest on recovery against the government for money illegally collected as internal revenue only to date of entry of judgment, or, if it be reviewed by an appellate court, to date of entry of final judgment.

**3. Internal revenue** ⊚=38—**Judgment against collector is converted into one against government, relative to interest thereon, by granting certificate of probable cause.**

Granting of certificate of probable cause, under Rev. St. § 989 (Comp. St. § 1635), in action for internal revenue illegally collected, converts judgment against collector into one against government, relative to rule of interest thereon.

At Law. Action by George L. Burrows, Jr., and others, against Fred L. Woodworth, as Collector of Internal Revenue. Heard on question of interest on judgment. Decision for defendant.

Beaumont, Smith & Harris, of Detroit, Mich., for plaintiffs.

Delos G. Smith, U. S. Atty., and Wallace Visscher, Asst. U. S. Atty., both of Detroit, Mich., for defendant.

TUTTLE, District Judge. The question now before the court is whether the judgment to be entered on the verdict herein should provide for interest on such judgment after the date of entry thereof. This action was brought to recover an amount alleged to have been paid by the plaintiffs to the defendant as collector of internal revenue, under protest, on the ground that such amount was erroneously and illegally assessed and collected as internal revenue taxes. The plaintiffs recovered a verdict against the defendant on March 5, 1926. It is conceded by the defendant that the judgment on such verdict

should include interest on the amount so recovered up to the date of the entry of such judgment. The plaintiffs claim, and the defendant denies, that such judgment should also bear interest from the date of its entry.

[1] The rule must be regarded as now settled to the effect that the government is not liable for interest on judgments rendered against it, unless such interest is prescribed by an act of Congress, or by a contract or stipulation entered into by the government. United States v. Sherman, 98 U. S. 565, 25 L. Ed. 235; Tillson v. United States, 100 U. S. 43, 25 L. Ed. 543; Cochran v. Schell, 2 S. Ct. 827, 107 U. S. 625, 27 L. Ed. 543; United States v. Bayard, 8 S. Ct. 1156, 127 U. S. 251, 32 L. Ed. 159; United States v. North Carolina, 10 S. Ct. 920, 136 U. S. 211, 34 L. Ed. 336; Seaboard Air Line Railroad Co. v. United States, 43 S. Ct. 354, 261 U. S. 299, 67 L. Ed. 664.

[2] It is not shown nor claimed that the government has contracted or stipulated for the payment of interest on this judgment. The only statute cited by either party is section 177 of the Judicial Code, as last amended by the Revenue Act of 1926 (Act Feb. 26, 1926, title 11, § 1117), which provides as follows:

"(a) No interest shall be allowed on any claim up to the time of the rendition of judgment by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest, except as provided in subdivision (b).

"(b) In any judgment of any court rendered after the enactment of the Revenue Act of 1926 (whether against the United States, a collector or deputy collector of internal revenue, a former collector or deputy collector, or the personal representative in case of death) for any internal-revenue tax erroneously or illegally assessed or collected, or for any penalty collected without authority or for any sum which was excessive or in any manner wrongfully collected, under the internal revenue laws, interest shall be allowed at the rate of 6 per centum per annum upon the amount of such tax, penalty, or sum, from the date of the payment or collection thereof to the date of entry of such judgment or, if such judgment is reviewed by an appellate court, to the date of entry of final judgment."

It is plain that the statute just quoted does not provide for the payment of any interest upon any judgment against the government after the date of final entry of such judgment, as affirmed (if reviewed) by an appellate court. No other statute has been called to my attention, and I know of none,

providing for interest on such a judgment after the entry thereof.

Section 989 of the Revised Statutes (Comp. St. § 1635) provides as follows:

"When a recovery is had in any suit or proceeding against a collector or other officer of the revenue for any act done by him, or for the recovery of any money exacted by or paid to him and by him paid into the Treasury, in the performance of his official duty, and the court certifies that there was probable cause for the act done by the collector or other officer, or that he acted under the directions of 'the Secretary of the Treasury, or other proper officer of the government, no execution shall issue against such collector or other officer, but the amount so recovered shall, upon final judgment, be provided for and paid out of the proper appropriation from the Treasury."

[3] The plaintiffs contend, and neither the defendant nor the government denies, that the certificate of probable cause provided by this statute should be issued in respect to this judgment, and I am satisfied that such certificate should be forthwith issued. There is, therefore, no occasion to determine whether, in the absence of such a certificate, this judgment against the defendant collector should bear interest after the date of entry of such judgment, as the effect of the issuance of such statutory certificate of probable cause is to convert such judgment from one against the defendant individually into one against the government, and therefore subject to the rule as to interest already stated. United States v. Sherman, supra; White v. Arthur (C. C.) 10 F. 80.

The language quoted by the plaintiffs from the opinion of the Supreme Court in National Volunteer Home v. Parrish, 33 S. Ct. 944, 229 U. S. 494, 57 L. Ed. 1296, and relied on by plaintiffs in support of their contention, has been carefully examined and considered, but is, in my opinion, clearly dictum and inapplicable to this case, in view of the effect, upon the present judgment, of the issuance of the statutory certificate of probable cause already mentioned.

For the reasons stated, the judgment to be entered will include interest at the rate of 6 per cent. per annum upon the amount recovered under the verdict to the date of the entry of such judgment, or, if such judgment is reviewed by an appellate court, to the date of entry of the final judgment herein; but no further nor other interest will be allowed on such judgment. The certificate of probable cause referred to will be issued. An order may be entered accordingly.