## UNITED STATES v. NEZ PERCE COUNTY, IDAHO.

### SAME v. LEWIS COUNTY, IDAHO.

### Nos. 8560, 8561.

Circuit Court of Appeals, Ninth Circuit.

March 4, 1938.

For former opinions, see 95 F.2d 232, and 95 F.2d 236.

John A. Carver, U. S. Atty., and E. H. Casterlin and Frank Griffen, Asst. U. S. Attys., all of Boise, Idaho, and John H. Wheeler, Sp. Atty., Dept. of Justice, of Los Angeles, Cal., for the United States.

Ray E. Durham, E. C. Butler, and Thomas A. Madden, all of Lewiston, Idaho and G. C. Pennell, of Nez Pierce, Idaho, for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The United States has petitioned for a rehearing of these cases, contending that the court was in error in denying the recovery of interest. Petitioner cites authorities such as Erskine v. Van Arsdale, 15 Wall. 75, 21 L.Ed. 63, holding that, where suit has been brought against a collector to recover the amount of a tax illegally exacted, interest should be allowed from the date of the exaction, and attention is called to the fact that certain of the county officials were joined as parties defendant in the present suits. But in the cases before us the counties, as such, were sued as the parties ultimately liable. The suits were not merely against the collector.

National Home for Disabled Volunteer Soldiers v. Parrish, 229 U.S. 494, 33 S.Ct. 944, 57 L.Ed. 1296, is also cited. It was there held that exemption from the payment of interest "has never as yet been applied to subordinate governmental agencies." But the court was there speaking of the type of agency before it—a federal corporation created by legislation as "an establishment for the care of disabled volunteer soldiers of the United States Army." The corporation against which interest was held to be recoverable in that instance operated only in a quasi governmental capacity. A county is a political subdivision of the state, created for purposes strictly governmental. In discussing the general principle

that a state cannot be held to the payment of interest on its debts unless bound by an act of the Legislature or by a lawful contract of its executive officers, the rule is stated in 15 R.C.L. at pages 17, 18, that "a county is generally regarded as but an arm or agent of the state, and is not liable for interest, in the absence of an express agreement to pay it"—citing Jackson County v. Kaul, 77 Kan. 715, 717, 96 P. 45, 17 L.R.A., N.S., 552, and Seton v. Hoyt, 34 Or. 266, 55 P. 967, 43 L.R.A. 634, 75 Am.St.Rep. 641. The cases cited in Ruling Case Law were decided long before National Home for Disabled Volunteer Soldiers v. Parrish, supra, and our attention has been called to no authorities holding the contrary.

█ The Idaho statute (section 61-1902, Idaho Code 1932) goes no further than to authorize the board of county commissioners to "refund [with interest] to any taxpayer any money to which he may be entitled by reason of a double payment of taxes on any property for the same year, or the double assessment, or erroneous assessment of property through error." The present cases do not come within the terms of the statute. It was held in Idaho Irrigation Co. v. Lincoln County, 28 Idaho, 98, 152 P. 1058, that the assessment of exempt property is not an erroneous assessment nor is it one made through error. As said in our previous opinion, we know of no statute of the state which evidences the consent of the state to a recovery of interest in situations like the present; and, in the absence of statute or contract, we think interest is not recoverable from a county.

█ There are other persuasive reasons why interest should not be allowed in these cases—reasons not touched upon in the original opinions, but which were nevertheless in the mind of the court in arriving at the conclusion there reached. Where there is neither statute nor contract authorizing it, it is the rule that interest is recoverable by way of damages for money unjustly detained, but in such instances interest may be disallowed on equitable grounds. In Redfield v. Bartels, 139 U.S. 694, 701, 11 S. Ct. 683, 686, 35 L.Ed. 310, the court quoted with approval the language of an earlier opinion in which it was said: "Interest is given on money demands as damages for delay in payment, being just compensation to the plaintiff for a default on the part of his debtor. Where it is reserved expressly in the contract, or is implied by the nature of the promise, it becomes part of the debt, and is recoverable as of right; but when it is given as damages, it is often a matter of discretion. * * * But where interest is recoverable, not as part of the contract, but by way of damages, if the plaintiff has been guilty of laches in unreasonably delaying the prosecution of his claim, it may be properly withheld." And this principle is applicable in suits by the United States. Sanborn v. U. S., 135 U.S. 271, 281, 10 S.Ct. 812, 34 L.Ed. 112.

█ Unless the government is here entitled to interest as a strict matter of legal right, as by force of statute or contract, it is in no position to demand interest as damages. Its situation in that respect is conspicuously lacking in equity. The amended bills in these cases were filed in September, 1935. This was nine or ten years after the last payment of taxes had been made by the Indians, and the payments themselves had extended over a prior period of four or five years. Thus interest is sought on payments made as long as fourteen years before the commencement of the suits, and in no instance has the delay in seeking recovery been less than nine years. These delays are in no manner traceable to fault on the part of the counties or their governing officials, but are due to inexcusable laches on the part of the government itself. Again, the counties were in no way responsible for the issuance of the fee patents to the Indians in the first place. This was an act of the government itself, occasioned by facts and circumstances peculiarly within the knowledge of those representing it. The local authorities had a right to rely upon the conduct of the government in the issuance of the patents, and were by this conduct induced to believe that the lands were subject to tax. The good faith of the counties and of their officers and governing boards is not open to question. For many years their budgets were formulated and their levies were fixed on the assumption—certainly not an unreasonable one—that these patented lands were part of the whole body of property subject to tax. Were the rights of the United States alone to be considered in these cases, its conduct might properly be held to estop it from any recovery at all. Nor, as indicated in the original opinions, is there a showing in either case that the Indian paid the taxes under protest. We have held that the United States is not precluded on this account from recovering the principal of the tax; but it does not follow that the Indians, having paid the taxes without pro-

test, are themselves equitably entitled to interest by way of damages because of the retention of the moneys so paid. Nor is there any showing that the counties have earned or received interest on the moneys illegally exacted.

Under all the circumstances, it is clear that the government is entitled to no more than a refund of the principal of these payments. The allowance of interest, even if normally recoverable, would be an abuse of discretion.

The petitions for rehearing are denied.