HUNTLEY, Collector of Internal Revenue,
v. SOUTHERN OREGON SALES, Inc.

No. 8501.

Circuit Court of Appeals, Ninth Circuit.

May 24, 1939.

For former opinion, see 102 F.2d 538.

James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, S. Dee Hanson, Arnold Raum, and Harry Marselli, Sp. Assts. to Atty. Gen., and Carl C. Donaugh, U. S. Atty., and J. Mason Dillard, Asst. U. S. Atty., both of Portland, Or., for appellant.

A. E. Reames, of Medford, Or., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

**154**

HANEY, Circuit Judge.

The mandate issued after affirmance of the judgment (9 Cir., 102 F.2d 538), herein recited an affirmance of the judgment, but was silent as to any interest on the judgment below as is usual in such cases, since Rule 26 of this court automatically provides for interest on the "judgment below until the same is paid, at the same rate that similar judgments bear interest in the courts of the State * * * where such judgment was rendered." Appellee has filed a motion to recall the mandate and modify the same by providing therein that the judgment affirmed shall bear interest at the rate of six per cent. per annum from its date until paid.

Neither the federal statute,[1] nor the Oregon statute,[2] relating generally to interest on judgments, is applicable to the United States.[3] Likewise interest cannot be allowed under § 615(a) of the Revenue Act of 1928 (U.S.Code, Title 28, § 284, 28 U.S.C.A. § 284), because it relates to an "overpayment" of a "tax", whereas in the instant case the judgment is granted for an amount of money all of which was illegally collected. This is in accord with appellee's contention on the argument that the money collected herein was not an "overpayment" of a "tax".

The general rule is that "the United States is not liable to [for] interest except where it assumes the liability by contract or by the express words of a statute, or must pay it as part of the just compensation required by the Constitution".[4] Accordingly, appellant argues that the certificate of probable cause contained in the judgment affirmed, converted the judgment into a judgment against the United States, and therefore no interest may be allowed.

Appellee contends that in form the judgment is not one against the United States, but against a private individual, and therefore interest may be allowed the same as in any action against a private party.

Interest may be included in a judgment against a collector from the time of collection by the collector to the date of judgment,[5] except where "plaintiff has been guilty of laches in unreasonably delaying the prosecution of his claim",[6] a point not urged here.

U.S.Code, Title 28, § 842, 28 U.S.C.A. § 842, provides: "When a recovery is had in any suit or proceeding against a collector * · * * for the recovery of any money exacted by or paid to him and by him paid into the Treasury, in the performance of his official duty, and the court certifies that there was probable cause for the act done by the collector or other officer, or that he acted under the directions of the Secretary of the Treasury, or other proper officer of the government, no execution shall issue against such collector or other officer, but the amount so recovered shall, upon final judgment, be provided for and paid out of the proper appropriation from the Treasury."

The effect of such statute is shown by the following quotation from Smietanka v. Indiana Steel Co., 257 U.S. 1, 4, 42 S. Ct. 1, 66 L.Ed. 99: "As the law stood before later statutes a collector was liable personally for duties mistakenly collected, if the person charged gave notice, at the time of his intention to sue, and warning not to pay over the amount to the Treasury. * * * But after an Act of Congress had required collectors to pay over such monies, it was held * * * that the personal liability was gone. * * *"

---

[1] U.S. Code, Title 28, § 811, 28 U.S.C.A. § 811.

[2] 3 Ore. Code Ann., 1930, § 57-1201.

[3] Reed v. Howbert, 10 Cir., 77 F.2d 227, 229; United States ex rel. McLeod v. Sherman, 98 U.S. 565, 567, 25 L.Ed. 235.

[4] Boston Sand Co. v. United States, 278 U.S. 41, 47, 49 S.Ct. 52, 53, 73 L. Ed. 170. See also: United States v. Rogers, 255 U.S. 163, 169, 41 S.Ct. 281, 65 L.Ed. 566; Seaboard Air Line R. v. United States, 261 U.S. 299, 304, 43 S.Ct. 354, 67 L.Ed. 664; United States v. Worley, 281 U.S. 339, 341, 50 S.Ct. 291, 74 L.Ed. 887; Smyth v. United States, 302 U.S. 329, 353, 58 S.Ct. 248, 82 L.Ed. 294, 114 A.L.R. 807.

[5] Erskine v. Van Arsdale, 82 U.S., 15 Wall. 75, 21 L.Ed. 63; Redfield v. Ystalyfera Iron Company, 110 U.S. 174, 176, 3 S.Ct. 570, 28 L.Ed. 109; Redfield v. Bartels, 139 U.S. 694, 701, 11 S.Ct. 683, 35 L.Ed. 310; Nat'l Volunteer Home v. Parrish, 229 U.S. 494, 496, 33 S.Ct. 944, 57 L.Ed. 1296; Billings v. United States, 232 U.S. 261, 287, 34 S.Ct. 421, 58 L.Ed. 596; Smietanka v. Indiana Steel Co., 257 U.S. 1, 5, 42 S.Ct. 1, 66 L.Ed. 99; United States v. Jefferson Electric Co., 291 U. S. 386, 396, 54 S.Ct. 443, 78 L.Ed. 859.

[6] Redfield v. Ystalyfera Iron Company, 110 U.S. 174, 176, 3 S.Ct. 570, 28 L.Ed. 109; Redfield v. Bartels, 139 U.S. 694, 701, 11 S.Ct. 683, 35 L.Ed. 310.

The effect of the certificate of probable cause is to convert the claim into one against the United States[7] when, but not until, the certificate is given.[8] Accordingly, the United States is not liable for interest on a judgment from its date to the date of the certificate of probable cause, because when the obligation of the United States arises, it is an obligation to pay the amount of the judgment only,[8] interest on such judgment being forbidden by the general rule regarding interest above alluded to.

However, the liability of the United States is, as provided in the statute, for the amount of the "final judgment"[9] and until there is a final judgment there is nothing to prevent enforcement of the claim for interest to the date of the final judgment the same as in any other action against a private individual. Accordingly, where the collector appeals from a judgment rendered against him, and the appellate court affirms the judgment, interest should be allowed on the judgment affirmed to the date of the judgment to be entered on the mandate.[10] Upon entry of that judgment, the certificate of probable cause converts it into one against the United States, and the general rule regarding interest against the United States applies, so that the United States is not liable for interest on the judgment which is entered on the mandate.[11]

From these rules it can be seen that appellee is entitled to interest on the judgment affirmed to the date of the entry of the judgment on the mandate. It is not apparent why the judgment should so state, Rule 26 being plain in that respect,[12] but to avoid any doubt the mandate should be recalled and modified to specifically provide for interest to the date of the judgment which will be entered thereon.

It is so ordered.

---

[7] United States v. Sherman, 98 U.S. 565, 567, 25 L.Ed. 235; Moore Ice Cream Co. v. Rose, 289 U.S. 373, 378, 53 S.Ct. 620, 77 L.Ed. 1265. See also: Crocker v. Malley, 249 U.S. 223, 235, 39 S.Ct. 270, 63 L.Ed. 573, 2 A.L.R. 1601; Lowe Bros. Co. v. United States, 304 U.S. 302, 306, 58 S.Ct. 896, 82 L.Ed. 1362.

[8] United States v. Sherman, 98 U.S. 565, 567, 25 L.Ed. 235.

[9] Barber v. Schell (Schell v. Cochran), 107 U.S. 617, 625, 628, 2 S.Ct. 301, 27 L.Ed. 490.

[10] Barber v. Schell (Schell v. Cochran), 107 U.S. 617, 625, 2 S.Ct. 301, 27 L.Ed. 490; Kinney v. Conant, 1 Cir., 166 F. 720, 722; Treat v. Farmers' Loan & Trust Co., 2 Cir., 185 F. 760, 765; Reed v. Howbert, 10 Cir., 77 F.2d 227; Mellon v. United States, 59 App.D.C. 149, 36 F.2d 609, 610; Burrows v. Woodworth, D.C., 11 F.2d 777, 778; White v. Weiss, D.C., 7 F.2d 139, 140; Klock Produce Co. v. Hartson, D.C., 212 F. 758, 759. See also annotations: 57 A.L.R. 357, 366; 76 A.L.R. 1012, 1015; 112 A.L.R. 1183, 1189.

[11] Compare: New York Mail & Newspaper Transp. Co. v. Anderson, 2 Cir., 234 F. 590, 595.

[12] Compare: Hagerman v. Moran, 9 Cir., 75 F. 97.