REYNOLDS, Collector of Internal Revenue, v. CHICAGO, ST. P., M. & O. R. CO.

REYNOLDS, Collector of Internal Revenue, v. GREAT NORTHERN R. CO.

REYNOLDS, Collector of Internal Revenue, v. NORTHERN PAC. R. CO.

REYNOLDS, Collector of Internal Revenue, et al. v. NORTHERN PAC. R. CO.

Nos. 13579, 13582, 13583, 13586.

Circuit Court of Appeals, Eighth Circuit.

July 12, 1948.

For original opinions see 168 F.2d 934, 943, 944.

Before SANBORN, JOHNSEN and RIDDICK, Circuit Judges.

PER CURIAM.

In No. 13,579, the Chicago, St. P., M. & O. Ry. Co. has filed a motion asking us to modify our opinion in Nos. 13,583 and 13,586, Reynolds v. Northern Pac. Ry. Co., 8 Cir., 168 F.2d 934, in respect to the expressions made as to the amendment contained in Public Law 572, § 1, 79th Cong., 2d Sess., 60 Stat. 722, 26 U.S.C.A.Int.Rev. Code, § 1532(d). It says that it intends to contest the validity of some assessments of employment taxes made against it by the Commissioner under the amended statute on employees of the Shipley Co., with which it has continued its general contract relations, and that our expressions may be a handicap to it in such litigation.

■ Our expressions regarding the amendment to the statute were intended merely to suggest the ostensible significance and relationship between the Commissioner's action as then before us and the action of Congress in having later extended the scope of the statute for future application only. We, of course, did not intend to, nor could we, foreclose any direct litigation on the meaning of the amended statute, nor were we attempting to forecast or to sway the result of any such litigation. No modification of our opinion therefore is necessary, and the motion to modify is denied.

■ In each of the cases, Nos. 13,579, 13,582, 13,583 and 13,586, a motion has been filed by the appellee railway company involved, to amend the judgment entered by the Clerk, so as (1) to provide for interest to the date of the entry of the judgment by the District Court on our mandate, and (2) to allow appellee its costs on the appeal.

The substance of the argument in support of the motions relating to interest is that the judgment of the District Court included interest only down to the date of its entry; that under the holding in Huntley v. Southern Oregon Sales, Inc., 9 Cir., 104 F.2d 153, and cases cited therein, where a District Court issues a certificate of probable cause, under 28 U.S.C.A. § 842, for the purpose of converting a recovery against a Collector of Internal Revenue into an obligation of the United States, the United States is required only to pay the amount of the judgment against the Collector and not interest thereon from its date to the date of the certification of probable cause; that, without a direction from this Court in its mandate, the District Court can not modify its previous judgment to include interest for the period covered by the appeal (cf. Briggs v. Pennsylvania R. Co., 68 S.Ct. 1039); and that the only way to assure the receipt of such interest by appellee would be to modify our judgment as requested in the motion.

As in the Huntley case, in order to eliminate any possible question, we think the judgment heretofore entered by us in each case should be modified so as to permit interest to be included on the payments of taxes recovered, down to the date of the entry of judgment by the District Court on our mandate. More specifically, and to avoid any procedural complications, the judgment heretofore entered by the District Court in each case will be vacated, with directions to the District Court to en-

ter a new judgment for the sum previously found to have been improperly collected from the appellee involved, together with interest on such sum at 6 per cent per annum (without any compounding), from the date of the beginning of the calculation of interest in the previous judgment, to the date of the entry of judgment on our mandate.

The part of the motion of each appellee to be allowed its costs on the appeal is denied, for the reason that none of the appellees has incurred any costs in this Court which are taxable under the statutes or under our rules.

Orders will be entered on the respective motions as indicated.